IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:06-cv-00147-W

| | | |
|---|---|---|
| JOHN G. HEINEMANN, individually, and derivatively, as a shareholder of NEW MILLENNIUM REALTY, INC., a North Carolina corporation; HEINEMANN, INC., a North Carolina corporation, and LEAD GENERATION SYSTEMS, INC., a North Carolina corporation, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| KRISTOFFER M. BOSCHELE; NATALIE D. BOSCHELE; BOSCHELE, INC., a North Carolina Corporation; YOUR NEW HOME REALTY, INC., a North Carolina corporation; YOUR HOME SUPERSTORE, INC., a North Carolina corporation; GB HOME BUILDERS AT CENTRAL PARK, LLC, a North Carolina limited liability company; GB HOME BUILDERS AT HILTON MEADOWS, LLC, a North Carolina limited liability company; GB HOME BUILDERS AT HOOVER CIRCLE, LLC, a North Carolina limited liability company; GB HOME BUILDERS AT PLAZA PARK, LLC, a North Carolina limited liability company; GB HOME BUILDERS AT WALNUT CREEK, LLC, a North Carolina limited liability company; GB HOME BUILDERS, LLC, a North Carolina limited liability company; RANDY JORDAN; LU'AYY NAJJAR; LUNAR RESOURCES, INC., a North Carolina corporation; JAKE EMMET; BRIAN KELLY; KEITH KILLION; MELISSA McCAULY; and JOHN DOES NOS. 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | ORDER |
| Defendants. | ) ) ) | |

THIS MATTER is before the Court, *sua sponte*, as to the status of Plaintiff's case. On February 28, 2007, this Court ordered all parties to submit a status report. The Court also ordered Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve the summons and complaint and pursuant to Rule 41(b) for failure to prosecute. (Doc. No. 23). The Order directed Plaintiff to respond by March 16, 2007. Plaintiff, however, has not filed any response to the Order. Not only has Plaintiff failed to update the Court as to the status of its claims, but Plaintiff has also failed to demonstrate to the Court whether Plaintiff has complied with Rule 4(m), and, even if all named Defendants were timely served, Plaintiff has failed to move for entry of default or otherwise prosecute his claims.

Further, Defendant Keith Killion filed a Motion to Dismiss on November 9. 2007, (Doc. No. 16), which he renewed through a supplemental filing submitted on March 15, 2007 (Doc. No. 24) in response to the Court's request for a status report. Despite an extension of time to respond and a warning from this Court, Plaintiff has not filed any response to Defendant Killion's motion. Therefore, for the reasons stated in the Motion, the Court GRANTS Defendant Killion's Motion to Dismiss.

Additionally, Defendant Jake Emmet filed a Motion to Dismiss on March 16, 2007, in response to the Court's Order of February 28, 2007. (Doc. No. 25). Plaintiff has not submitted any response to this Motion, and the time for any response or request for extension of time to respond has expired. For the reasons stated in the Motion, the Court GRANTS Defendant Emmett's Motion to Dismiss.

**IT IS, THEREFORE, ORDERED** that Defendant Keith Killion's Motion to Dismiss (Doc. No. 16) is GRANTED <u>WITH</u> PREJUDICE; Defendant Jake Emmett's Motion to Dismiss (Doc. No. 25) is GRANTED <u>WITH</u> PREJUDICE; and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as against all other named Defendants pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk is directed to CLOSE the case.

**IT IS SO ORDERED.**     Signed: April 5, 2007

Frank D. Whitney
United States District Judge